Joe ALMEIDA, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 04–16527.

D.C. No. CV–03–01615–GGH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided June 30, 2006.

Jesse S. Kaplan, Esq., Carmichael, CA, for Plaintiff–Appellant.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Theophous H. Reagans, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,* Senior District Judge.

MEMORANDUM **

Plaintiff Joe Almeida appeals from the denial of Social Security disability benefits. We review de novo the district court's order upholding the decision to deny benefits. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998). We must affirm the Commissioner's decision if it is supported by substantial evidence. *Id.* We hold that this decision was not supported by substantial evidence, however, and reverse for an award of benefits.

1. The administrative law judge ("ALJ") failed to properly analyze Plaintiff's claim that he suffers from disabling pain. In evaluating such a claim, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir.2004). First, there must be objective medical evidence of an underlying impairment that " 'could reasonably be expected to produce pain.' " *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir.1996)). Second, if there is no evidence of malingering, then "the ALJ may reject the claimant's testimony about severity of symptoms with 'specific findings stating clear and convincing reasons for doing so.' " *Id.* (quoting *Smolen*, 80 F.3d at 1284).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

At the second step, the ALJ should consider factors such as the claimant's daily activities; the location, frequency, duration, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications taken; and any other treatments the claimant has received or measures used to relieve pain. 20 C.F.R. § 404.1529(c). Social Security Ruling 96–7p elaborates on the regulations, explaining that the ALJ should consider the internal consistency of the claimant's testimony, the ALJ's own observations of the claimant as well as the observations of other Social Security Administration ("SSA") employees, and whether the claimant has been persistent in obtaining treatment. Lack of objective medical evidence corroborating the claimant's pain testimony is a factor to consider, but it is not by itself enough to reject the testimony. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir.1989).

The ALJ found that Plaintiff has degenerative changes of the spine that are severe—an impairment that could reasonably be expected to produce pain—but held that Plaintiff's pain testimony was not credible simply because the extent of pain to which he testified was unsupported by objective medical evidence. The ALJ did not discuss Plaintiff's daily activities or make observations about Plaintiff's demeanor or physical behavior during the hearing. The decision does not follow the guidelines established by the SSA and this court.

Moreover, the ALJ's reason is, itself, not supported by substantial evidence in the record. Objective medical evidence does support Plaintiff's testimony regarding his pain.

2. Further, the ALJ's decision to reject the opinion of Plaintiff's treating physician was unsupported by substantial evidence. In general, the opinion of a treating physician should be given greater weight than that of an examining or nonexamining physician. *Andrews v. Shalala*, 53 F.3d 1035, 1040–41 (9th Cir.1995). A treating physician's opinion "can be rejected only with specific and legitimate reasons." *Reddick*, 157 F.3d at 725. Here, the ALJ rejected Dr. Winkler's opinion of Plaintiff's ability to do work-related activities because "[t]he objective medical findings simply do not support such an extreme assessment." Although there were conflicting opinions from various doctors regarding Plaintiff's ability to work, the ALJ was obliged to provide more than this conclusory explanation for refusing to credit Dr. Winkler's opinion.

The record has been fully developed, and no useful purpose would be served by remanding. Accordingly, we direct an award of benefits. *Smolen*, 80 F.3d at 1292.

REVERSED with instructions to award benefits.